JAMES FITZGERALD, Appellant, v. PATT NOLAN, MICHAEL NOLAN, and J. W. HANSON, Sheriff.

**Surety and Contribution.** One of two joint makers of a note, each of whom received one-half of the loan for which it was given, is not a surety for the other, so that his property would be only secondarily liable for payment of a judgment against both, where the whole loan was made to him, and the one-half was received by the other in part payment of a debt due from him.

**Appeal: costs.** The costs of an additional abstract filed by appellee will not be taxed to the latter on affirming the judgment, where the matters set out therein, although immaterial to the questions considered, would be material to other questions discussed and which would have been considered if the conclusions of the court on the questions considered had been different.

*Appeal from Palo Alto District Court.*—HON. W. B. QUARTON, Judge.

TUESDAY, MAY 18, 1897.

ACTION in equity to enjoin the collection of a certain judgment from the plaintiff. Decree was entered dismissing plaintiff's petition, from which he appeals.— *Affirmed.*

*Soper, Allen & Morling* for appellant.

*C. E. Cohoon* for appellees.

GIVEN, J.—I. As to the following facts there is no controversy: The plaintiff and Patt Nolan executed their joint promissory note to the Palo Alto County Bank for two hundred and six dollars, receiving therefor two hundred dollars, which they divided equally between them. When the note became due, the plaintiff paid one-half hereof. Thereafter the bank recovered judgment against both makers for the balance due on the note, with interest, costs, and attorney's fees. The bank assigned said judgment to the defendant M. J. Nolan, son and only child of Patt Nolan. M. J. Nolan thereafter caused an execution to issue and to be levied on the property of the plaintiff by defendant Hanson, sheriff. Plaintiff, claiming to be only surety for Patt Nolan for the amount of said judgment, brought this action to restrain the selling of his property until the property of Patt Nolan was first exhausted. Plaintiff alleges that the assignment to M. J. Nolan was to defraud plaintiff by securing the payment of said judgment from him by execution. We may say here, as to this allegation, that the plaintiff relies upon the testimony of M. J. Nolan and the attending circumstances to sustain it. While M. J. Nolan denies that he purchased

the judgment in pursuance of any arrangement with his father, we are satisfied that the purchase was for the purpose of enforcing payment by the plaintiff, and therefore consider the case as though the contentions were between the plaintiff and Patt Nolan alone. The plaintiff's claim is that he and Patt Nolan, each desiring to borrow one hundred dollars, joined in the execution of this note to the bank, each taking one-half of the proceeds, and that thereby, as between them, each became surety for the other for the one-half of the full sum of the note. While the defendants admit that Patt Nolan received one-half of the amount borrowed, they contend that the plaintiff was indebted to Patt Nolan in the sum of one hundred and twenty-five dollars, for a mare which he had purchasd from Patt Nolan; that Patt Nolan desiring payment, and the plaintiff desiring to get one hundred dollars for other purposes, Nolan joined him in the execution of the note as his surety only; and that the one hundred dollars received by Nolan was on account of the purchase price of the mare. The testimony of these parties as to this disputed fact is conflicting, and not of a character to lead to a satisfactory conclusion one way or the other. The testimony of M. L. Brown, with whom the loan was negotiated, and who was examined on behalf of the defendants, leaves it reasonably clear that it was the plaintiff who wanted to get two hundred dollars. There is no question but that the plaintiff did get a mare from Patt Nolan, but plaintiff contends that it was in exchange for another horse. At the time plaintiff took the mare, he left a pony with Nolan, which, after a considerable time, was returned to the plaintiff. While it is left in doubt whether this was an exchange of animals, or a purchase of the mare we are led to believe that it was a purchase, because of what occurred in connection with the borrowing of the money as testified to

by Mr. Brown. Plaintiff contends that, the proceeds of the note having been divided, the presumption is that each maker, as between themselves, became surety for the other for one-half the debt, and that the burden is upon the defendants to overcome this presumption. Conceding this to be the rule, we think that by the testimony of Mr. Brown, the defendants have overcome the presumption. We think it fairly appears from the testimony of Mr. Brown that the entire indebtedness incurred by the note was the indebtedness of the plaintiff. This view of the facts renders it unnecessary that we should consider other questions discussed, and leads us to the conclusion that the decree of the district court should be affirmed.

II. Appellees filed an amendment to appellant's abstract, setting out a part of the record omitted, and also a stipulation as to certain facts. Appellant moves to tax the costs of this abstract to appellees, upon the ground that the matter therein contained is immaterial in the determination of the case. The matter set out is immaterial to the questions we have just considered, but is material to other questions discussed, and which would be considered had our conclusion upon the issue of facts been different. We think appellant's motion should be overruled.—AFFIRMED.